AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT FILED

__NORTHERN__ District of __OHIO__

2018 FEB 21 PM 2:24

UNITED STATES OF AMERICA

v.

__DERRICK A. ADAMS, II.__
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**
Case Number: 5:18MJ1042

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
YOUNGSTOWN

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- X (1) There is probable cause to believe that the defendant has committed an offense
  for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  X under 18 U.S.C. § 924(c).
- X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- X (1) There is a serious risk that the defendant will not appear.
- X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### PRELIMINARY EXAMINATION FINDINGS

At the preliminary hearing, United States Postal Inspector Mark Kudley testified that he reviewed the affidavit, which indicated that members of the Akron Police Department Narcotics Unit and the FBI Greater Akron Areas Safe Streets Task Force began investigating the distribution of Fentanyl by Donte and Audrey Gibson and a confidential informant disclosed that Defendant and Dontaysha Gibson, the daughter of Donte Gibson, were selling the Fentanyl provided by Donte and Audrey Gibson from a home located at 780 Shadybrook Drive, in Akron, Ohio. The confidential informant indicated that Dontaysha Gibson resided at the home and the Pretrial Services Report indicated that Defendant reported that he had lived at 780 Shadybrook Drive, in Akron, Ohio for the last 1.5 years with Dontaysha Gibson. According to Inspector Kudley's testimony and the Affidavit, the officers executed the search warrant at 780 Shadybrook and observed Defendant laying on the bed in the master bedroom with a garage door opener in his pocket. A search of the master bedroom located a loaded 9mm handgun lying next to the bed on the floor, a loaded .38 revolver in the dresser of the bedroom, $17,708.00 in U.S. currency, a plastic bag with 28.8 grams of a white powder that tested positive for Fentanyl, a digital scale, and 194 grams of what was believed to be marijuana. Upon opening the garage door found in Defendant's pocket, the officers searched two vehicles in the garage and found $82,390 in U.S. currency in the 2012 Chrysler and three knotted plastic bags with approximately 173 grams of a white powder believed to be Fentanyl. A black bag in the trunk of this car also contained five plastic bags believed to be about 2,352 grams of marijuana. Investigators also found opened mail in the vehicle which was addressed to Dontaysha Gibson and Defendant, as well as maintenance records for the car with the customer name of Defendant on them. Based upon this testimony and the Affidavit, and defense counsel's concession at the conclusion of the hearing, the Court finds that there is probable cause to believe that Defendant committed the offenses charged in the criminal complaint. Accordingly, the undersigned finds probable cause to hold Defendant to answer further proceedings in the District Court on the alleged offenses and that he be bound over to the Grand Jury.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by    X   clear and convincing evidence   X   a preponderance of the evidence  that

AO 472 (Rev. 3/86) Order of Detention Pending Trial

no condition or combination of conditions will reasonably assure Defendant's appearance or the safety of the community and Defendant has not rebutted the presumption in favor of his detention. The factors of 18 U.S.C. § 3142(g) also warrant a finding of detention because the nature of the offense involves Fentanyl and firearms, and the weight of the evidence against Defendant is strong as he was found in the master bedroom of the house where the Fentanyl, firearms and a large amount of cash were found, and the garage door opener found on his person contained a vehicle in it where a large amount of Fentanyl and cash were also found. This car had car maintenance records with Defendant's name on it and contained opened mail addressed to Defendant on it. Moreover, Defendant is facing a serious sentence if convicted as the 18 U.S.C. § 924(c) charge requires a minimum mandatory period of 5 years of incarceration which will run consecutive to any other sentence imposed if Defendant is convicted on the other charge. Based upon the seriousness of the potential sentences, the Court finds that Plaintiff is a risk of flight or nonappearance. Further, based upon the opioid crisis in this community, this State and this country, and the loaded firearms, large amounts of cash and large amount of Fentanyl found, the Court finds that Defendant is a serious risk of danger to the safety of the community as well. For these reasons, the undersigned finds that no condition or combination of conditions will reasonably assure Defendant's appearance or the safety of the community.

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

2/21/2018
Date

Signature of Judicial Officer
UNITED STATES MAGISTRATE JUDGE
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).